**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **HANAN ALMILADI,** | FILED: JULY 22, 2008 |
| | 08CV4145 |
| **Plaintiff,** | JUDGE GUZMAN |
| | MAGISTRATE JUDGE DENLOW |
| **v.** | |
| | TC |
| **CORNELL COMPANIES, INC.** | **Jury Trial Requested** |
| **d/b/a ABRAXAS EDUCATION GROUP,** | |
| | |
| **Defendant.** | |

**Case No.**

## COMPLAINT

NOW COMES, Plaintiff, HANAN ALMILADI, by and through her counsel, LISA

KANE & ASSOCIATES, P.C., and complaining of Defendant, CORNELL COMPANIES, INC.

d/b/a ABRAXAS EDUCATION GROUP, states as follows:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42

U.S.C. § 1981.  Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's

discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981.

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.     Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

1

## PARTIES

4.      Plaintiff, HANAN ALMILADI, is an Arab-Muslim citizen of the United States of America and is a resident of the State of Illinois.

5.      Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## <u>COUNT I - RACE DISCRIMINATION - § 1981</u>

6.      Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7.      On or about July 23, 2007, Plaintiff began her employment with Defendant as a Special Education Teacher.  At all relevant times hereto, Plaintiff has performed to Defendant's reasonable satisfaction as evidenced by her compliments from her co-workers and students and her excellent performance evaluation given to her approximately three (3) weeks prior to the termination of her employment.

8.      On or about July 23, 2007, Plaintiff was hired by Defendant as a Special Education Teacher with the intention of soon placing her in a director's role at its soon-to-be established school in Louisiana.

9.      While the Louisiana school was being established, Plaintiff worked at Defendant's Chicago Alternative Education-DuPage Facility, which educates students with criminal backgrounds and histories of substance abuse and severe psychological disorders.

10.    Prior to beginning her work at the DuPage facility, Plaintiff had no contact with the administrative and staff members there, and had no input in Defendant's decision to hire her.

11.    Throughout the course of her employment, Plaintiff has been subjected to disparate term and conditions imposed upon her, but not imposed upon her similarly situated, non-Arab Muslim coworkers. Such disparate treatment includes, but is not limited to, continuous, undue and hostile counseling sessions, which often culminated with Plaintiff breaking into tears, which were never given to her lesser performing, non-Arab Muslim coworkers, and not granting her leave for medical emergencies, while freely granting such leave for non-Arab Muslim coworkers, which resulted in Plaintiff losing vacation days crucial to her role as a single mother.

12.    On September 12, 2007, Plaintiff was verbally attacked by another staff member, Ms. Schraeder, a non-Arab Muslim coworker, in front of her class and another staff-member, Anthony Nash.

13.    Due to the severity of Ms. Schraeder's verbal attack, Plaintiff reported the incident immediately to her supervisor, Nicole Randick.

14.    The following day, September 13, 2007, Ms. Schraeder resumed her verbal attack on Plaintiff outside the DuPage facility's front door. Ms. Schraeder lambasted Plaintiff with such undeserved verbal abuse as "we are sick of you" and "we are fed up of you."

15.    As Plaintiff's supervisors provided her no protection from Schraeder's abusive tirades, Plaintiff asked that Schraeder leave her alone.

16.    Instead of addressing Ms. Schraeder's attack on Plaintiff, Defendant placed Plaintiff on a performance improvement plan for being rude, hostile, aggressive, and argumentative.

17.    Approximately one (1) month later, Plaintiff completed her performance

3

improvement successfully.

18.     On or about March 27, 2008, Defendant received a grievance against Plaintiff by a student, Jon Woodle, who, in his grievance, stated that Plaintiff was his "favorite teacher" and "smart."

19.     Ignoring the fact that the school houses students with histories of criminal, substance abuse, and severe psychological disorders and the fact that students file grievances against staff members daily, Defendant investigated Jon Woodle's grievance against Plaintiff for five (5) days, which turned out to be merit-less as Defendant found that the grievance was a byproduct of the student's "transferring" past problems with authoritative figures onto Plaintiff.

20.     Defendant never subjected Plaintiff's similarly situated non-Arab Muslim coworkers to investigations as a result of student's grievances.

21.     Plaintiff's supervisors, Kasey Vermazen and Joe Bynum, further subjected Plaintiff to harassment on the basis of her physical appearance stating, "you have very big eyes" and "you don't drop your shoulders when you talk."  Evidencing Vermazen's and Bynum's disdain for Plaintiff is Vermazen's comment to Plaintiff, as Bynum approving looked on, that she "will never be promoted in this company," despite Plaintiff's strong performance.

22.     Due to the discriminatory treatment imposed upon her, Plaintiff made complaints of a hostile work environment, which Plaintiff believed to be imposed upon her on the basis of her race and national origin, specifically targeting her supervisor, Bynum.

23.     Plaintiff made a final complaint of a hostile work environment on July 2, 2008, stating, inter alia, "the work environment is becoming uncomfortable, disrespectful of my personal dignity, inequitable, and inconsistent with many of our company policies."

24.     On information and belief, Defendant never took any remedial or investigatory action to address Plaintiff's complaints of a hostile work environment.

25.     On July 3, 2008, one (1) day after her final complaint of a hostile work environment, Defendant terminated Plaintiff's employment on the pretext that she was unable to interact properly with her co-workers.

26.     Defendant's basis for terminating Plaintiff's employment is a pretext for race discrimination as Defendant's own evaluation three (3) weeks earlier directly contradict's its basis for terminating Plaintiff's employment as Plaintiff's June 12, 2008 performance evaluation explicitly states that Plaintiff "has followed up with all expectations and plans" with respect to her ability to interact with peers and administrative staff.

27.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Arab Muslim, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

28.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

5

appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - § 1981

29.     Paragraphs one (1) through eighteen (28) are incorporated by reference as if fully set forth herein.

30.     Throughout her employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by submitting complaints on the basis of race discrimination with Defendant's appropriate representatives.

31.     Defendant retaliated against Plaintiff for exercising her statutory rights by terminating her employment.

32.     Plaintiff expressed to her direct supervisors her opposition to the abusive, demeaning and racially discriminatory terms and conditions of employment to which she was

6

subjected.

33.     In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant terminated Plaintiff's employment.

34.     Defendant's asserted reasons for demoting Plaintiff are pretext for Defendant's retaliatory motives in terminating Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to racial discrimination and who engaged in the same purported conduct that allegedly served as the basis for Plaintiff's termination, were not terminated.

35.     The aforementioned acts and omissions constitute intentional discrimination against Plaintiff on the basis of her race, Arab Muslim, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

36.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

7

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.      Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.      Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

37.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

HANAN ALMILADI, Plaintiff,

By_____/s  Lisa Kane_____
     Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

8

## Verification

I, HANAN ALMILADI, declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

Hanan Almiladi

08CV4145
JUDGE GUZMAN
MAGISTRATE JUDGE DENLOW

TC