## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**HANAN ALMILADI,**

       **Plaintiff,**

      **v.**

**CORNELL COMPANIES, INC.**
**d/b/a ABRAXAS EDUCATION GROUP,**

       **Defendant.**

**Case No. 08 C 4145**

**Hon. Rondald A. Guzman,**
  **Judge Presiding**
**Magistrate Judge Denlow**

### FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff, HANAN ALMILADI, by and through her counsel, LISA

KANE & ASSOCIATES, P.C., and complaining of Defendant, CORNELL COMPANIES, INC.

d/b/a ABRAXAS EDUCATION GROUP, states as follows:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42

U.S.C. § 1981, and by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et

seq. ("Title VII"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's

discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981

and by Title VII. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

1

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.    Plaintiff, HANAN ALMILADI, is an Arab-Muslim citizen of the United States of America and is a resident of the State of Illinois.

5.    Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.    Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008.  The EEOC issued Plaintiff a Right to Sue on July 22, 2008, which was received on July 24, 2008.  The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - RACE DISCRIMINATION - § 1981

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.    On or about July 23, 2007, Plaintiff began her employment with Defendant as a Special Education Teacher.  At all relevant times hereto, Plaintiff has performed to Defendant's reasonable satisfaction as evidenced by her compliments from her co-workers and students and her excellent performance evaluation given to her approximately three (3) weeks prior to the termination

2

of her employment.

9.    On or about July 23, 2007, Plaintiff was hired by Defendant as a Special Education Teacher with the intention of soon placing her in a director's role at its soon-to-be established school in Louisiana.

10.    While the Louisiana school was being established, Plaintiff worked at Defendant's Chicago Alternative Education-DuPage Facility, which educates students with criminal backgrounds and histories of substance abuse and severe psychological disorders.

11.    Prior to beginning her work at the DuPage facility, Plaintiff had no contact with the administrative and staff members there, and had no input in Defendant's decision to hire her.

12.    Throughout the course of her employment, Plaintiff has been subjected to disparate terms and conditions imposed upon her, but not imposed upon her similarly situated, non-Arab Muslim coworkers.  Such disparate treatment includes, but is not limited to, continuous, undue and hostile counseling sessions, which often culminated with Plaintiff breaking into tears, which were never given to her lesser performing, non-Arab Muslim coworkers, and not granting her leave for medical emergencies, while freely granting such leave for non-Arab Muslim coworkers, which resulted in Plaintiff losing vacation days crucial to her role as a single mother.

13.    On September 12, 2007, Plaintiff was verbally attacked by another staff member, Ms. Schraeder, a non-Arab Muslim coworker, in front of her class and another staff-member, Anthony Nash.

14.    Due to the severity of Ms. Schraeder's verbal attack, Plaintiff reported the incident immediately to her supervisor, Nicole Randick.

15.    The following day, September 13, 2007, Ms. Schraeder resumed her verbal attack on

3

Plaintiff outside the DuPage facility's front door. Ms. Schraeder lambasted Plaintiff with such undeserved verbal abuse as "we are sick of you" and "we are fed up of you."

16.    As Plaintiff's supervisors provided her no protection from Schraeder's abusive tirades, Plaintiff asked that Schraeder leave her alone.

17.    Instead of addressing Ms. Schraeder's attack on Plaintiff, Defendant placed Plaintiff on a performance improvement plan for being rude, hostile, aggressive, and argumentative.

18.    Approximately one (1) month later, Plaintiff completed her performance improvement successfully.

19.    On or about March 27, 2008, Defendant received a grievance against Plaintiff by a student, Jon Woodle, who, in Woodle's grievance, stated that Plaintiff was his "favorite teacher" and "smart."

20.    Ignoring the fact that the school houses students with histories of criminal, substance abuse, and severe psychological disorders and the fact that students file grievances against staff members daily, Defendant investigated Jon Woodle's grievance against Plaintiff for five (5) days, which turned out to be merit-less as Defendant found that the grievance was a byproduct of the student's "transferring" past problems with authoritative figures onto Plaintiff.

21.    Defendant never subjected Plaintiff's similarly situated non-Arab Muslim coworkers to investigations as a result of student's grievances.

22.    Plaintiff's supervisors, Kasey Vermazen and Joe Bynum, further subjected Plaintiff to harassment on the basis of her physical appearance stating, "you have very big eyes" and "you don't drop your shoulders when you talk." Evidencing Vermazen's and Bynum's disdain for Plaintiff is Vermazen's comment to Plaintiff, as Bynum approving looked on, that she "will never

4

be promoted in this company," despite Plaintiff's strong performance.

23.     Due to the discriminatory treatment imposed upon her, Plaintiff made complaints of a hostile work environment, which Plaintiff believed to be imposed upon her on the basis of her race and national origin, specifically targeting her supervisor, Bynum.

24.     Plaintiff made a final complaint of a hostile work environment on July 2, 2008, stating, inter alia, "the work environment is becoming uncomfortable, disrespectful of my personal dignity, inequitable, and inconsistent with many of our company policies."

25.     On information and belief, Defendant never took any remedial or investigatory action to address Plaintiff's complaints of a hostile work environment.

26.     On July 3, 2008, one (1) day after her final complaint of a hostile work environment, Defendant terminated Plaintiff's employment on the pretext that she was unable to interact properly with her co-workers.

27.     Defendant's basis for terminating Plaintiff's employment is a pretext for race discrimination as Defendant's own evaluation three (3) weeks earlier directly contradict's its basis for terminating Plaintiff's employment as Plaintiff's June 12, 2008 performance evaluation explicitly states that Plaintiff "has followed up with all expectations and plans" with respect to her ability to interact with peers and administrative staff.

28.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Arab Muslim, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

29.     As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - TITLE VII - RACE DISCRIMINATION

30.    Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

6

31.    The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her race, Arab-Muslim, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

32.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## COUNT III - § 1981 - NATIONAL ORIGIN DISCRIMINATION

33.      Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if

fully set forth herein.

34.      The aforementioned acts and omissions of Defendant constitute intentional

discrimination against Plaintiff on the basis of her national origin, Arab Muslim, and have

deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her

employment relationship in violation of 42 U.S.C. § 1981.

35.      As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and

foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant,

CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests

that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns,

and all persons in active concert or participation with them, from engaging in any

employment practice which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV - TITLE VII - NATIONAL ORIGIN DISCRIMINATION

36.     Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

37.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her national origin, Arab-Muslim, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

38.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff

9

under appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.      Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.      Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV - RETALIATION - § 1981

39.     Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

40.     Throughout her employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by submitting complaints on the basis of race discrimination with Defendant's appropriate representatives.

41.     Defendant retaliated against Plaintiff for exercising her statutory rights by terminating her employment.

10

42.    Plaintiff expressed to her direct supervisors her opposition to the abusive, demeaning and discriminatory terms and conditions of employment on the basis of her national origin and race to which she was subjected.

43.    In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant terminated Plaintiff's employment.

44.    Defendant's asserted reasons for demoting Plaintiff are pretext for Defendant's retaliatory motives in terminating Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to racial and national origin discrimination and who engaged in the same purported conduct that allegedly served as the basis for Plaintiff's termination, were not terminated.

45.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

46.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

11

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV - RETALIATION - TITLE VII

47.    Paragraphs one (1) through twenty-seven (27) and forty (40) through forty-four (44) are incorporated by reference as if fully set out herein.

48.    Defendant deliberately retaliated against Plaintiff in violation of her federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, because she reported her similarly situated coworker's and direct supervisor's racially discriminatory conduct to management.

49.    As a direct and proximate result of Defendant's retaliatory action against Plaintiff, Plaintiff has suffered injury, including but not limited to, lost and foregone wages, emotional pain

and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, HANAN ALMILADI, prays for judgment against Defendant, CORNELL COMPANIES, INC. d/b/a ABRAXAS EDUCATION GROUP, and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole HANAN ALMILADI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to HANAN ALMILADI;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

50.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

13

Respectfully submitted,

HANAN ALMILADI, Plaintiff,


By_____/s  Lisa Kane_____
      Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HANAN ALMILADI,** | |
| **Plaintiff,** | **Case No. 08 C 4145** |
| **v.** | |
| **CORNELL COMPANIES, INC.** | **Hon. Rondald A. Guzman,** |
| **d/b/a ABRAXAS EDUCATION GROUP,** | **Judge Presiding** |
| | **Magistrate Judge Denlow** |
| **Defendant.** | |

## NOTICE OF FILING

TO:    James J. O'Hagen, Esquire; Jamie L. Filipovic, Esquire
O'Hagen Spencer
1 E. Wacker, Suite 3400
Chicago, IL 60601

PLEASE TAKE NOTICE that on *Friday, August 15, 2008,* Plaintiff filed electronically with the Clerk of the United States District Court for the Northern District, Eastern Division at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, the following: Plaintiff's First Amended Complaint.

By s/Lisa Kane_____
Lisa Kane, Attorney for Plaintiffs

## PROOF OF SERVICE

I, Lisa Kane, certify that I caused to be served this Notice of Filing and the above-mentioned accompanying documents upon those persons to whom said Notice is directed pursuant to ECF by 5:00 P.M. on Friday, August 15, 2008.

s/Lisa Kane_____
Lisa Kane, Attorney for Plaintiffs

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, HANAN ALMILADI, declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

Hanan Almiladi

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| Hanan Almiladi<br>10424 S. Central Ave., #2nw<br>Oak Lawn, IL 60453 | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

**Certified Mail 7001 0320 0006 1100 0849**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Jacquelyn C. Gandy, | |
| 440-2008-06920 | **Investigator Support Asst** | **(312) 886-5976** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
**District Director**

7/22/08
*(Date Mailed)*

Enclosures(s)

cc:  **ABRAXAS EDUCATION GROUP**