21251-JJO                                                                                          Case No. 08 C 4145

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Hanan Almiladi**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 08 C 4145 |
| **Cornell Companies, Inc.**, d/b/a **Abraxas Education Group**, | ) ) Judge Guzman ) Magistrate Judge Denlow |
| Defendant. | ) ) ) |

## CORNELL COMPANIES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES** the Defendant, Cornell Companies, Inc., d/b/a Abraxas Education Group ("Cornell"), by and through its attorneys, James J. O'Hagan and Jamie L. Filipovic of O'Hagan Spencer LLC, and for its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, Hanan Almiladi, Defendant states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, and by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. ("Title VII"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** **This Paragraph seeks a legal conclusion to which no answer is required, and therefore, this Defendant does not admit or deny the allegations in Paragraph No. 1.**

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights

21251-JJO                                                                                                                  Case No. 08 C 4145

secured by 42 U.S.C. § 1981 and by Title VII. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** **This Defendant admits that jurisdiction is proper pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331, secured by 42 U.S.C. § 1981. This Defendant does not admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint as no answer is required, but to the extent an answer is required, this Defendant denies the remaining allegations in Paragraph 2.**

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:** **This Defendant admits that venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).**

## PARTIES

4. Plaintiff, Hanan Almiladi, is an Arab-Muslim citizen of the United States of America and is a resident of the State of Illinois.

**ANSWER:** **This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint and therefore, does not either admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.**

5. Defendant, Cornell Companies, Inc., d/b/a Abraxas Education Group, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.**

21251-JJO                                                                                                          Case No. 08 C 4145

## PROCEDURE

6. Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008. The EEOC issued Plaintiff a Right to Sue on July 22, 2008, which was received on July 24, 2008. The Notice of the Right to Sue entitled Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:** **This Defendant states that the Charge of Discrimination and the Right to Sue Letter are written documents that speak for themselves, and therefore, this Defendant denies the allegations in Paragraph 6 to the extent they are not in accordance with the Charge of Discrimination and the Right to Sue Letter.**

## COUNT I – RACE DISCRIMINATION - § 1981

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** **This Defendant's answers to Paragraphs one through six of Plaintiff's First Amended Complaint are incorporated by reference as if fully set forth herein.**

8. On or about July 23, 2007, Plaintiff began her employment with Defendant as a Special Education Teacher. At all relevant times hereto, Plaintiff has performed to Defendant's reasonable satisfaction as evidenced by her compliments from her co-workers and students and her excellent performance evaluation given to her approximately three (3) weeks prior to the termination of her employment.

**ANSWER:** **This Defendant admits that on or about July 23, 2007, Plaintiff began her employment with Defendant as a Special Education Teacher.**

21251-JJO                                                                                              Case No. 08 C 4145

> **This Defendant denies the remaining allegations contained in Paragraph 8 of Count I of Plaintiff's First Amended Complaint.**

9.   On or about July 23, 2007, Plaintiff was hired by Defendant as a Special Education Teacher with the intention of soon placing her in a director's role at its soon-to-be established school in Louisiana.

> **ANSWER:    This Defendant admits that on or about July 23, 2007, Plaintiff was hired by Defendant as a Special Education Teacher. This Defendant denies the remaining allegations on Paragraph 9.**

10.   While the Louisiana school was being established, Plaintiff worked at Defendant's Chicago Alternative Education-DuPage Facility, which educates students with criminal backgrounds and histories of substance abuse and severe psychological disorders.

> **ANSWER:    This Defendant admits that Plaintiff worked at Defendant's Chicago Alternative Education-DuPage Facility, which educates students with criminal backgrounds and histories of substance abuse and severe psychological disorders. This Defendant denies the remaining allegations contained in Paragraph 10 of Count I of Plaintiff's First Amended Complaint.**

11.   Prior to beginning her work at the DuPage facility, Plaintiff had no contact with the administrative and staff members there, and had no input in Defendant's decision to hire her.

> **ANSWER:    This Defendant has insufficient information to admit or deny the allegations in Paragraph 11 of Count I of Plaintiff's First Amended Complaint, and therefore, does not admit or deny the allegations in Paragraph 11 of Count I of Plaintiff's First Amended Complaint.**

12.   Throughout the course of her employment, Plaintiff has been subjected to disparate terms and conditions imposed upon her, but not imposed upon her similarly situated, non-Arab Muslim coworkers. Such disparate treatment includes, but is not limited to, continuous, undue and hostile counseling sessions, which often culminated

21251-JJO                                                                                                         Case No. 08 C 4145

with Plaintiff breaking into tears, which were never given to her lesser performing, non-Arab Muslim coworkers, and not granting her leave for medical emergencies, while freely granting such leave for non-Arab Muslim coworkers, which resulted in Plaintiff losing vacation days crucial to her role as a single mother.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 12 of Count I of Plaintiff's First Amended Complaint.**

13.     On September 12, 2007, Plaintiff was verbally attacked by another staff member, Ms. Schraeder, a non-Arab Muslim coworker, in front of her class and another staff-member, Anthony Nash.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 13 of Count I of Plaintiff's First Amended Complaint.**

14.     Due to the severity of Ms. Schraeder's verbal attack, Plaintiff reported the incident immediately to her supervisor, Nicole Randick.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 14 of Count I of Plaintiff's First Amended Complaint.**

15.     The following day, September 13, 2007, Ms. Schraeder resumed her verbal attack on Plaintiff outside the DuPage facility's front door. Ms. Schraeder lambasted Plaintiff with such undeserved verbal abuse as "we are sick of you" and "we are fed up of you."

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 15 of Count I of Plaintiff's First Amended Complaint.**

16.     As Plaintiff's supervisors provided her no protection from Schraeder's abusive tirades, Plaintiff asked that Schraeder leave her alone.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 16 of Count I of Plaintiff's First Amended Complaint.**

21251-JJO                                                                                              Case No. 08 C 4145

17. Instead of addressing Ms. Schraeder's attack on Plaintiff, Defendant placed Plaintiff on a performance improvement plan for being rude, hostile, aggressive, and argumentative.

**ANSWER:** **This Defendant admits that it placed Plaintiff on a performance improvement plan for being rude, hostile, aggressive and argumentative. This Defendant denies the remaining allegations contained in Paragraph 17 of Count I of Plaintiff's First Amended Complaint.**

18. Approximately one (1) month later, Plaintiff completed her performance improvement successfully.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 18 of Count I of Plaintiff's First Amended Complaint.**

19. On or about March 27, 2008, Defendant received a grievance against Plaintiff by a student, Jon Woodle, who, in Woodle's grievance, stated that Plaintiff was his "favorite teacher" and "smart."

**ANSWER:** **This Defendant admits that on or about March 27, 2008, Defendant received a grievance against Plaintiff by a student, Jonathon Woodle. This Defendant has denies the remaining allegations of Paragraph 19 Count I of Plaintiff's First Amended Complaint.**

20. Ignoring the fact that the school houses students with histories of criminal, substance abuse, and severe psychological disorders and the fact that students file grievances against staff members daily, Defendant investigated Jon Woodle's grievance against Plaintiff for five (5) days, which turned out to be merit-less as Defendant found that the grievance was a byproduct of the student's "transferring" past problems with authoritative figures onto Plaintiff.

**ANSWER:** **This Defendant admits that it investigated Jonathon Woodle's grievance against Plaintiff and found there to be no violation of Policy. This Defendant denies the remaining allegations contained in Paragraph 20 of Count I of Plaintiff's First Amended Complaint.**

21251-JJO                                                                                               Case No. 08 C 4145

21. Defendant never subjected Plaintiff's similarly situated non-Arab Muslim coworkers to investigations as a result of student's grievances.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 21 of Count I of Plaintiff's First Amended Complaint.**

22. Plaintiff's supervisors, Kasey Vermazen and Joe Bynum, further subjected Plaintiff to harassment on the basis of her physical appearance stating, "you have very big eyes" and "you don't drop your shoulders when you talk." Evidencing Vermazen's and Bynum's disdain for Plaintiff is Vermazen's comment to Plaintiff, as Bynum approving (sic) looked on, that she "will never by promoted in this company," despite Plaintiff's strong performance.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 22 of Count I of Plaintiff's First Amended Complaint.**

23. Due to the discriminatory treatment imposed upon her, Plaintiff made complaints of a hostile work environment, which Plaintiff believed to be imposed upon her on the basis of her race and national origin, specifically targeting her supervisor, Bynum.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 23 of Count I of Plaintiff's First Amended Complaint.**

24. Plaintiff made a final complaint of a hostile work environment on July 2, 2008, stating, inter alia, "the work environment is becoming uncomfortable, disrespectful of my personal dignity, inequitable, and inconsistent with many of our company policies."

**ANSWER:** **This Defendant admits that on July 2, 2008 Plaintiff wrote that "the work environment is becoming uncomfortable, disrespectful of my personal dignity, inequitable, and inconsistent with many of our company policies." This Defendant denies the remaining allegations in Paragraph 24.**

21251-JJO                                                                                                      Case No. 08 C 4145

25. On information and belief, Defendant never took any remedial or investigatory action to address Plaintiff's complaints of a hostile work environment.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 25 of Count I of Plaintiff's First Amended Complaint.**

26. On July 3, 2008, one (1) day after her final complaint of a hostile work environment, Defendant terminated Plaintiff's employment on the pretext that she was unable to interact properly with her co-workers.

**ANSWER:** **This Defendant admits that on July 3, 2008, it terminated Plaintiff because she was unable to interact properly with co-workers. This Defendant denies the remaining allegations contained in Paragraph 26 of Count I of Plaintiff's First Amended Complaint.**

27. Defendant's basis for terminating Plaintiff's employment is a pretext for race discrimination as Defendant's own evaluation three (3) weeks earlier directly contradicts its basis for terminating Plaintiff's employment as Plaintiff's June 12, 2008 performance evaluation explicitly states that Plaintiff "has followed up with all expectations and plans" with respect to her ability to interact with peers and administrative staff.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 27 of Count I of Plaintiff's First Amended Complaint.**

28. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Arab Muslim, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 28 of Count I of Plaintiff's First Amended Complaint.**

29.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:    This Defendant denies the allegations contained in Paragraph 29 of Count I of Plaintiff's First Amended Complaint.**

## COUNT II – TITLE VII – RACE DISCRIMINATION

30.     Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein

**ANSWER:    This Defendant's answers to Paragraphs one through twenty-seven of Plaintiff's First Amended Complaint are incorporated by reference as if fully set forth herein.**

31.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her race, Arab-Muslim, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:    This Defendant denies the allegations contained in Paragraph 31 of Count II of Plaintiff's First Amended Complaint.**

32.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**ANSWER:    This Defendant denies the allegations contained in Paragraph 32 of Count I of Plaintiff's First Amended Complaint.**

## COUNT III - § 1981 – NATIONAL ORIGIN DISCRIMINATION

33.     Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

21251-JJO                                                                                             Case No. 08 C 4145

**ANSWER:** **This Defendant's answers to Paragraphs one through twenty-seven of Plaintiff's First Amended Complaint are incorporated by reference as if fully set forth herein.**

34. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her national origin, Arab Muslim, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 34 of Count III of Plaintiff's First Amended Complaint.**

35. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 35 of Count III of Plaintiff's First Amended Complaint.**

### COUNT IV – TITLE VII – NATIONAL ORIGIN DISCRIMINATION

36. Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

**ANSWER:** **This Defendant's answers to Paragraphs one through twenty-seven of Plaintiff's First Amended Complaint are incorporated by reference as if fully set forth herein.**

37. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her national origin, Arab-Muslim, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 37 of Count IV of Plaintiff's First Amended Complaint.**

38. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 38 of Count IV of Plaintiff's First Amended Complaint.**

### COUNT IV (sic) – RETALIATION - § 1981

39. Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set forth herein.

**ANSWER:** **Defendant's answers to Paragraphs one through twenty-seven of Plaintiff's First Amended Complaint are hereby incorporated by reference as though fully set forth herein.**

40. Throughout her employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by submitting complaints on the basis of race discrimination with Defendant's appropriate representatives.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 40 of Count IV (sic) of Plaintiff's Complaint.**

41. Defendant retaliated against Plaintiff for exercising her statutory rights by terminating her employment.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 41 of Count IV (sic) of Plaintiff's Complaint.**

42. Plaintiff expressed to her direct supervisors her opposition to the abusive, demeaning and discriminatory terms and conditions of employment on the basis of her national origin and race to which she was subjected.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 42 of Count IV (sic) of Plaintiff's Complaint.**

21251-JJO                                                                                         Case No. 08 C 4145

43. In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant terminated Plaintiff's employment.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 43 of Count IV (sic) of Plaintiff's Complaint.**

44. Defendant's asserted reasons for demoting Plaintiff are pretext for Defendant's retaliatory motives in terminating Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to racial and national origin discrimination and who engaged in the same purported conduct that allegedly served as the basis for Plaintiff's termination, were not terminated.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 44 of Count IV (sic) of Plaintiff's Complaint.**

45. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 45 of Count IV (sic) of Plaintiff's Complaint.**

46. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 46 of Count IV (sic) of Plaintiff's Complaint.**

21251-JJO                                                                                                            Case No. 08 C 4145

## COUNT IV (sic) – RETALIATION – TITLE VII

47. Paragraphs one (1) through twenty-seven (27) and forty (40) through forty-four (44) are incorporated by reference as if fully set out herein.

**ANSWER:   Defendant's answers to Paragraphs one through twenty-seven and forty through forty-four of Plaintiff's First Amended Complaint are hereby incorporated by reference as though fully set forth herein.**

48. Defendant deliberately retaliated against Plaintiff in violation of her federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, because she reported her similarly situated coworker's and direct supervisor's racially discriminatory conduct to management.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 48 of Count IV (sic) of Plaintiff's Complaint.**

49. As a direct and proximate result of Defendant's retaliatory action against Plaintiff, Plaintiff has suffered injury, including but not limited to, lost and foregone wages, emotional pain and suffering.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 49 of Count IV (sic) of Plaintiff's Complaint.**

## JURY TRIAL DEMAND

50. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:   This Defendant makes no response to the allegations in Paragraph 50 as no answer is required.**

**WHEREFORE**, the Defendant Cornell Companies, Inc., d/b/a Abraxas Education Group, respectfully requests that this Honorable Court dismiss Plaintiff's

21251-JJO                                                                     Case No. 08 C 4145

Amended Complaint with prejudice and with costs, and/or such further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Plaintiff fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims of discrimination are barred because there is no direct evidence of discrimination as what Defendant did or said in the specific employment decision in question by the person that made the alleged adverse employment decision.

3. Plaintiff's claims of discrimination are barred because there is no indirect evidence of discrimination as there was a reasonable and legitimate non-discriminatory reason that Plaintiff was terminated and there is no evidence of pretextual discrimination.

4. Plaintiff's claims of discrimination are barred because Plaintiff did not satisfy the normal work requirements or meet the reasonable expectations of Defendants in her performance, duties, her work functions and was unable to properly interact with co-workers.

5. Plaintiff's claims of retaliation are barred because there is no evidence of retaliatory discharge because there is no causal connection between this charge and Plaintiff's allegations of protective activity.

6. Plaintiff's Title VII claims are barred because she failed to exhaust all administrative remedies.

7. Plaintiff's claims of retaliation are barred because there is no evidence that the Defendant was aware that Plaintiff felt discriminated against and/or was involved in any protected activity.

21251-JJO                                                                                           Case No. 08 C 4145

 

                                    Respectfully submitted,

                                    O'Hagan Spencer LLC

                                    By:_____s/ Jaime L. Filipovic_____
                                    Counsel for Defendant

James J. O'Hagan
Jamie L. Filipovic
O'Hagan Spencer LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
312-422-6100 – Phone
312-422-6110 – Fax